Case 1:23-cv-01406-TWP-MKK    Document 1    Filed 08/10/23    Page 1 of 20 PageID #: 1

**FILED**
08/10/2023
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA, INDIANAPOLIS DIVISION

| | |
|---|---|
| Jennifer Sue Simpson individually and as Next Friend of her minor child P.C.S., individually and on behalf of all others similarly situated PLAINTIFFS, <br><br> v | Cause No. 1:23-cv-01406-JRS-MKK <br> Civil Rights, Jury Trial Demanded <br><br> Damages, TRO, <br> Declaratory and Injunctive Relief Requested |

GOVERNMENT AGENCIES and OFFICIALS in their official and individual capacities: Todd Rokita, Indiana Attorney General; Katie Jenner, Secretary of the Indiana Department of Education; M.S.D. Southwest Allen County Schools: Park D. Ginder, Superintendent, Jeanine Kleber, District Liaison for Homeless Children, Jerilynne Boneff, Registar; Ms. Knowlin, Fort Wayne Community Schools Family Community Engagement Center District Liaison for Homeless Children; and INDIVIDUALLY PowerSchool Group LLC.

DEFENDANTS.

CIVIL RIGHTS COMPLAINT

FOR DENIAL OF DUE PROCESS AND EQUAL PROTECTION OF THE

MCKINNEY-VENTO HOMELESS EDUCATION PROGRAM

### I. INTRODUCTION

1. Jennifer Sue Simpson individually and as Next Friend of her minor child P. C. S. ("Plaintiffs") on behalf of themselves and all other homeless families in the state brings this verified Complaint for declaratory and injunctive relief and damages against the above named defendants who are government welfare and educational service contractors, collectively "Defendants" for maliciously and wantonly denying P.C.S. and all homeless students' their clearly established procedural and substantive 14th Amendment due process and equal protection rights to a free, meaningful education and the McKinney-Vento Homeless Education Program Services. This includes:

    (1) Refusing to identify homeless youth for services:

    (2) Creating a false record that homeless children are not homeless when they are.

(3) Refusing to provide the services disclosed as available;

(4) Refusing to provide continued, immediate, enrollment in the school of origin (MSD SACS Homestead) pending dispute resolution;

(5) Refusing to continue to transport P.C.S. across school district (FWCS Wayne High School) lines, to and from the school of origin and Plaintiff P.C.S.' grandmother's apartment where he is "doubled-up" - sharing her housing due to the Plaintiffs being homeless;

(6) Refusing to provide a written denial of services, with dispute resolution instructions, and instructions for appeal; and

(7) Refusing to use technology to ensure compliance with the McKinney-Vento Act.

## II. JURISDICTION & VENUE
### A. JURISDICTION

2. This Court has Original jurisdiction pursuant to 28 U.S.C. §§§ 1331, 1337(a), 1343; the Civil Rights Act: 42 U.S.C. §§ 1983 & 85; the Declaratory Judgment Act: 28 U.S.C. § § 2201, 2022; the McKinney-Vento Homeless Education Program 42 U.S.C. 11431 et seq.; Ind. Code 20-50-1-1 *et seq*.; and the 14th Amendments to the U.S. Constitution.

### B. VENUE

3. Pursuant to 28 U.S. Code § 1391(b)(2) and (d) venue is proper in the U.S District Court for the Southern District of Indiana Indianapolis Division because the state Defendants' reside in Indianapolis and the Defendants' contacts are sufficient to subject them to the Court's personal jurisdiction.

   A. Pursuant to sections 28 U.S. Code § 139(c)(1) and (2) venue may be in the Northern District of Indiana, Fort Wayne Division as the Plaintiffs live in and the Defendant School Districts are located in Allen county.

   B. However, failure to hear the case in the Southern District will prejudice the Plaintiffs and deny them access to the court and to redress the violation of their clearly established civil rights. Among other things,

1. In the Northern District pro se, including the Plaintiffs, are denied access to electronic filing because they are not lawyers. The Plaintiff does not have the capacity to obtain counsel or to print the claims and file them in the Northern District.

### III. PARTIES

**Plaintiffs**

4. A. Jennifer Simpson (mother) is homeless and cannot receive mail. She may be contacted at Phone: (260) 415-1584; Email js.simpson@live.com

   B. Minor Plaintiff, P.C.S. is the 16-year-old son of Plaintiff Jennifer Simpson who is in the care of his maternal grandmother, Cynthia Butler at 7305 (A) Mill Run Fort Wayne, IN 46819, so he can attend school, due to the Plaintiffs being homeless.

**Defendants**

5. State agencies and officials:

   A. Defendant Todd Rokita, Indiana Attorney General located at Office of the Indiana Attorney General Indiana Government Center South 302 W. Washington St., 5th Floor Indianapolis, IN 46204 is sued in his individual and official capacities.

   B. Defendant Katie Jenner, Secretary of the Indiana Department of Education is located at 115 W. Washington Street (South Tower, Suite 600), Indianapolis, Indiana 46204-2795, (317) 232-6610 is sued in her official and individual capacities.

   Allen County School Districts

6. Defendant M.S.D. Southwest Allen County Schools located at 4824 Homestead Road, Fort Wayne, IN 46814 | Phone: 260-431-2051 which includes the following staff members:

   A. Defendant Park D. Ginder Superintendent of Schools is sued in his official and individual capacities.

  B. Defendant Jeanine Kleber Director of Student Learning and the SACS District Liaison for Homeless Children is sued in her individual and official capacities.

  C. Defendant Jerilynne Boneff the SACS Registrar is sued in her individual and official capacities.

7. Defendant Ms. Knowlin, Fort Wayne Community Schools Family Community Engagement Center District Liaison for Homeless Children is located at 230 E Douglas Ave, Fort Wayne, IN 46802 is sued in her individual and official capacities.

8. Defendant PowerSchool Group LLC located at [501 East Pike, Indiana, PA 15701](#) Phone: (724) 463-8713 and 150 Parkshore Drive, Folsom, CA 95630 is sued in their individual capacity.

## IV. FACTUAL ALLEGATIONS

**Background**

9. Homelessness often is accompanied by poverty, stress, and instability. As a result, children and youth in homeless situations frequently must overcome many educational challenges; yet for children and youth experiencing homelessness, school provides stability, support, and hope for the future.

10. Subtitle VII-B of the McKinney-Vento Homeless Assistance Act, reauthorized in 2015 by Title IX, Part A of the Every Student Succeeds Act (42 U.S.C. § 11431 et seq.), hereafter the "McKinney-Vento Act" guarantees educational rights and supports for students experiencing homelessness, and seeks to remove any barriers these students may face in succeeding in school. The McKinney-Vento Act requires states accepting McKinney-Vento Act funds, including Indiana, remove "laws, regulations, practices, or policies that may act as a barrier

to the enrollment, attendance, or success in school of homeless children and youths . . ." 42 U.S.C. § 11431(2).

11. Under the McKinney-Vento Act, the local education agency is required to continue a homeless child's education in the school of origin ("home school") for the duration of homelessness, or enroll the child in the appropriate public school within the attendance area of the student's temporary housing ("local school"). 42 U.S.C. § 11432(g)(3)(A)(i), (ii). Where a homeless child attends school is to be determined based on his or her best interest, which requires "to the extent feasible, keep[ing] a homeless child or youth in the school of origin, except when doing so is contrary to the wishes of the child's or youth's parent or guardian." Id. at § 11432(g)(3)(B)(I). See *Kaleuati v. Tonda*, Civ. No. 07-00504 HG LEK (D. Haw. Feb. 20, 2008)

12. The McKinney-Vento Act further requires that each homeless child be provided with services comparable to those offered to other students who attend the selected school, including transportation, id. at 42 U.S.C. § 11432(g)(4), and to assist the parent or guardian of a homeless child in accessing transportation to the selected school. Id. at § 11432(g)(6)(A)(vii). This includes transporting the child across school district lines to the school of origin.

13. The McKinney-Vento Act "does not impose a limit on the duration of homelessness" and schools cannot unilaterally declare a child ineligible when the child's circumstances remain unchanged. See the Education Law Center 1/31/2019 news article, "Third Circuit Issues Groundbreaking Precedential Decision Regarding Rights of Homeless Students" which

"marked a major victory for students living "doubled-up" who are often under-identified as homeless by schools". [1] This is the situation the Plaintiffs face in this case.

14. Defendant IDOE violated its duty to train on and to be sure LEAs, including the Defendants, have a policy to carry out the McKinney-Vento Act services in compliance with federal law and state policy and to have a form for denial of McKinney-Vento Act services, with instructions for appeal. See 42 U.S. Code § 11432 (j).

**A.  Plaintiffs Received McKinney-Vento Act Services From 12/7/2022 until July 25, 2023.**

15.  Since December 7, 2022 Plaintiff P.C.S. qualified for and received McKinney-Vento Act services at Homestead when the Plaintiffs became homeless and were forced out of the SACS district by an eviction, for property damage - frozen pipes that did not break, which has caused the Plaintiffs loss of their home and property, substantial economic hardship, and the inability to obtain new housing. This eviction and a previous one are subject to a pending federal fair housing claim. The Plaintiffs' belongings were seized, burned and sold by the landlord. What was left of the Plaintiffs' belongings are in storage, except essentials. Furthermore, Plaintiff Jennifer Simpson has a formal 8th education, she's poor, had covid last year, she suffered a heart attack this year, and her driver's license has been suspended since 2008, so she doesn't have the ability to move freely, all of which hinders her ability to earn enough income to pay a high deposit and obtain housing. The evictions the Plaintiffs suffered, additional poverty factors and subsequent inability to get housing are included in the circumstances and definition of a homeless person in  42 U.S. Code § 11302 *et seq.*. Therefore, Plaintiff P.C.S. is "doubled up" at his grandmother's 1 bedroom apartment, the only place he can go: so he can go to school and not live in poverty his entire life.

---

[1] Available at
https://www.elc-pa.org/2019/01/31/groundbreaking-federal-appellate-opinion-affirming-the-rights-of-homeless-students/?fbclid=IwAR2RRCVsSAV6eyWW9eJS3bWxKadeVLhBdfi4Dzw-0XqZhfxFKMsl4T2d5tA

16. McKinney-Vento Act services consist of continued enrollment in Plaintiff P.C.S.' school of origin (Homestead) and transportation to and from his grandmother's apartment where he is sharing her housing, "doubled-up" due to the Plaintiffs being homeless. It's a 1 bedroom apartment in Defendant FWCS district and Plaintiff Jennifer Simpson cannot stay there. It's not fixed, regular or adequate.  The Plaintiffs meet the  Definition of homeless youth  under 42 U.S. Code § 11434a (B)(i), which states in relevant part:

> (2)The term "homeless children and youths"—
> (A)means individuals who lack a fixed, regular, and adequate nighttime residence (within the meaning of section 11302(a)(1) of this title); and
> (B)includes—
> (i) children and youths who are sharing the housing of other persons due to loss of housing, economic hardship, or a similar reason …"

17. State law tracks the forgoing federal definition of homeless youth. See Indiana Code § 20-50-1-1 "homeless children and youths" has the meaning set forth in 42 U.S.C. 11434a, which includes sharing housing of another person and being "doubled up"

18. Defendant SACS own website also uses this definition to define homeless youth.

**B.  Inferably, the Defendants use PowerSchool technology to deny McKinney-Vento Act services.**

19. The McKinney-Vento Act requires states to use technology to identify and protect students who are homeless.  Upon information and belief, Defendant PowerSchool, Indiana's educational technology contractor does not comply with  federal law to identify and provide services to homeless children, including the Plaintiffs. The Defendants use the wrong factors, focusing on whether the accommodation is fixed, regular, and adequate nighttime residence" to determine the eligibility of homeless students case-by-case, instead of by the general definition of homeless youth.  This enables schools, including the Defendants, to fraudulently conceal and deny homeless children,, including the Plaintiffs' clearly established McKinney-Vento Act

services in violation of their civil rights when they are doubled up and suffering homelessness defined by federal law, which includes eviction and poverty factors in 42 U.S. Code § 11302 *et seq*... This impacts poor children, disproportionately minorities, across the nation via Defendant PowerSchool's technology and causes homeless students to be under-identified in schools and to suffer the fraudulent concealment of and the violation of their clearly established civil rights. See North Carolina Homeless Education Program McKinney-Vento Homeless Education Data Collection User Guide for PowerSchool 2018 – 2019 SY Version 4 – February 2019 pdf p. 29 at

https://hepnc.uncg.edu/wp-content/uploads/data/18-19SY-NCHEP-Data-Collection-User-Guide_V4.pdf

> **DOUBLED-UP:** This term describes a type of homelessness defined in the McKinney-Vento Act as "sharing the housing of other persons due to loss of housing, economic hardship, or a similar reason" [42 U.S.C. § 11434a(2)(B)(i)]. As with all eligibility determinations under the McKinney-Vento Act, this classification requires a case-by-case determination, keeping in mind the determining factor is whether the accommodation is a fixed, regular, and adequate nighttime residence. (See *homeless children and youth* for more information).

### C. McKinney-Vento Act Services transportation is less of a commute than traditional SACS Transportation.

20. For years, transportation to Homestead, the school of origin, from the Plaintiffs' home at 9026 Aboite Road was about 60 minutes in the mornings and about 20 minutes after school. From 2021 until 12/7/2022 Defendant SACS often canceled Plaintiff P.C.S.' transportation, even on important days like during the pSAT test.

21. McKinney-Vento Act Services transportation to and from the school of origin and back to the shared housing is approximately twenty minutes in the morning and after school for continued enrollment at Homestead, the school of origin. So, McKinney-Vento Act transportation services are not unreasonable.

22. In May 2022, Plaintiff P.C.S. chose his classes for this semester at Homestead, which includes dual credit honor courses and the Plaintiffs were led to believe the McKinney-Vento Act Services would continue throughout homelessness, as required by federal and state law.

**D. The Defendants conspired to and are violating the Plaintiffs' clearly established civil rights.**

23. The McKinney-Vento Act "does not impose a limit on the duration of homelessness" and schools cannot unilaterally declare a child ineligible when the child's circumstances remain unchanged. Defendant SACS already deemed P.C.S. homeless and thus continued to enroll him in a manner consistent with its obligations under McKinney-Vento, 42 U.S.C. § 11432(g)(3)(A)(i) which is required. See generally [G.S. v. Rose Tree Media Sch. Dist., 914 F.3d 206, 208 (3d Cir. 2018).](#) The Plaintiffs' circumstances remain unchanged and the Plaintiffs meet the definition of homeless under both state and federal law.

24. On or about July 25, 2023 Defendant SACS maliciously and wantonly conspired to deny the Plaintiffs online registration, via Defendant PowerSchool, which is a service available to all Defendant SACS students. When the Plaintiffs logged on to Defendant PowerSchool, registration access was denied and there was a notice to call the school.

25. On or about, 7/25/2023, when the Plaintiffs called the school, Defendant Jerilynne Boneff, SACS Registrar of many years, fraudulently concealed and violated the Defendants' duty under the McKinney-Vento Homeless Education Program and their own written policies to provide the Plaintiffs McKinney-Vento Act Services. Among other things,

   A. The Defendant denied P.C.S. enrollment by stating he doesn't qualify for McKinney-Vento Act Services due to P.C.S. sharing the housing of - being "doubled up" with his grandmother, who is not his legal guardian.

B. Defendant told the Plaintiffs they had to register P.C.S. in Defendant FWCS' Wayne High School, which is a failing school that will unjustly use Plaintiff P.C.S.' academic success to bump up their failing scores and to benefit from his homelessness.

C. The Defendant threatened to call the Division of Child Services to report Plaintiff P.C.S. abandoned if Plaintiff P.C.S. wasn't enrolled at Defendant FWCS' Wayne High School.

D. When the Plaintiffs disagreed, the Defendant then added that Plaintiff P.C.S. can otherwise "go be homeless in Ohio", where Plaintiff Jennifer Simpson was working.

26. On 7/26/2023, by email, Defendants Jeanine Kleber, SACS District Liaison for Homeless Children and Ms. Knowlin at FWCS Family and Community Engagement Center conspired to violate the Plaintiff's' clearly established rights and their own policies when she told the Plaintiffs, the two defendants consulted on the Plaintiffs' circumstances and they do not qualify for McKinney-Vento Act Services and the only option was to enroll P.C.S. in Defendant FWCS via 3rd. party residency.

---

**From:** Jeanine Kleber <JKLEBER@sacs.k12.in.us>
**Sent:** Wednesday, July 26, 2023 12:16 PM
**To:** Jennifer Simpson <js.simpson@live.com>
**Subject:** RE: McKinney-Vento Homeless Education Program

Hi Jennifer,

You and Prestin have been living with his grandmother since January 2023 and she has permanent housing. Please know both the FWCS McKinney-Vento liaison and I did collaborate on your situation and are in agreement. Prestin does not currently qualify as McKinney-Vento eligible. You will need to enroll in FWCS via a 3rd party residency with Ms. Knowlin at the Family and Community Engagement Center.

Sincerely,



**Jeanine Kleber**
Director of Student Learning
(260) 431-2018 | jkleber@sacs.k12.in.us
*Preparing today's learners for tomorrow's opportunities.*

 

27. The Plaintiff's circumstances meet both the federal and state definition of homeless youth

28. The Defendants are violating the Plaintiffs' clearly established right to continue his education in his school of origin (Homestead) for the duration of homelessness, because that's where P.C.S. was last enrolled when the Plaintiffs had permanent housing, the Plaintiffs are requesting his enrollment, it's in his best interest, and Defendant SACS has a duty to retain him. Defendant IDOE is responsible for enforcing the Plaintiffs' McKinney-Vento Act rights through the State's plan.  42 U.S. Code § 11432 (g), (3), (A),(i),(ii)

    (3)Local educational agency requirements

    (A)In general
    The local educational agency serving each child or youth to be assisted under this part shall, **according to the child's or youth's best interest—**
    (i) **continue the child's or youth's education in the school of origin for the duration of homelessness—**
      (I ) **in any case** in which a family becomes homeless between academic years or during an academic year; and
      (II) for the remainder of the academic year, if the child or youth becomes permanently housed during an academic year; or
    (ii) enroll the child or youth in any public school that nonhomeless students who live in the attendance area in which the child or youth is actually living are eligible to attend.

29.  Since 2009, and before, Defendant SACS has been the Plaintiffs' school of origin at the following addresses: 4309 Dicke Road Fort Wayne, 46804; 9026 Aboite Road Roanoke, IN 46783; 7704 Aboite Center Road Fort Wayne, IN 46804; 9026 Aboite Road, Roanoke IN 46783.

30. At all relevant times, since 2009, the Plaintiffs were a single parent household, poor, and they received free lunch and books at Defendant SACS, which helped return over $400,000 each year (over $5 million since 2009) to Defendant SACS in Title 1 funds that were intended to provide the Plaintiffs (the poor) an equivalent education to the kids in suburbia, who do not live in poverty, which is the majority of Defendant SACS' enrollment. See the Ind. Department of

Education 2020-2021 Title I Preliminary Allocations at

https://www.in.gov/doe/files/title-i-preliminary-allocations-20-21.pdf

| Corp. # | LEA | Total Allocation (After Re-Set) | Neglected Funds Available | Base Allocation |
|---|---|---|---|---|
| 0015 | Adams Central Community Schools | $ 723,324.62 | $ - | $ 723,324.62 |
| 0025 | North Adams Community Schools | $ 295,902.23 | $ - | $ 295,902.23 |
| 0035 | South Adams Schools | $ 1,038,780.78 | $ - | $ 1,038,780.78 |
| 0125 | M S D Southwest Allen County Schls | $ 430,915.79 | $ - | $ 430,915.79 |
| 0225 | Northwest Allen County Schools | $ 400,800.20 | $ 45,626.81 | $ 355,173.39 |
| 0235 | Fort Wayne Community Schools | $ 12,993,553.12 | $ 49,814.68 | $ 12,943,738.44 |
| 0255 | East Allen County Schools | $ 2,951,349.90 | $ 21,918.68 | $ 2,929,431.23 |

31. Plaintiff P.C.S. has a right to attend Homestead because it's his school of origin, for 12 years, and the Plaintiffs are requesting his enrollment. Pursuant to 42 U.S. Code § 11432 (j),(iii),(ii) and the IDOE policy, it is presumed enrollment in the school of origin (Homestead) is in the best interest of P.C.S., unless the parent chooses otherwise. "Priority" is given to the parent, which provides "school stability". This is a requirement of the state plan. See 42 U.S. Code § 11432 (g), (3), (B),(i),(ii).

32. The Defendants are violating Defendant IDOE policy " LEAs must remember: Parent / Student voice are prioritized in these decisions". See the IDOE McKinney-Vento Homeless Education Program Transportation FAQ Tip Sheet PDF p. 5. At

https://www.in.gov/doe/files/tip-sheet-transportationdocx-google-docs-1.pdf

> **E. The Defendants are conspiring against and violating the Plaintiff' right to cause them irreparable harm.**

33. The Defendants are stigmatizing Plaintiff P.C.S. and segregating him from his school of origin of 12 years, his classmates, and his path to academic success by violating their duty under federal and state law to enroll Plaintiff P.C.S. at his school of origin (Homestead) and

transport him to and from the school of origin, by creating a false record showing that P.C.S. no longer qualifies for McKinney-Vento Act Services. This is a violation of 42 U.S. Code § 11432(j) et seq.- Grants for State and local activities for the education of homeless children and youths:

> (J)Assurances that the following will be carried out:
> (i)The State educational agency and local educational agencies in the State will adopt policies and practices to ensure that homeless children and youths are not stigmatized or segregated on the basis of their status as homeless.
>
> (iii)The State and the local educational agencies in the State will adopt policies and practices to ensure that transportation is provided, at the request of the parent or guardian (or in the case of an unaccompanied youth, the liaison), to and from the school of origin (as determined under paragraph (3)), in accordance with the following, as applicable:
>
> (I)If the child or youth continues to live in the area served by the local educational agency in which the school of origin is located, the child's or youth's transportation to and from the school of origin shall be provided or arranged by the local educational agency in which the school of origin is located.
>
> (II) **If the child's or youth's living arrangements in the area served by the local educational agency of origin terminate and the child or youth, though continuing the child's or youth's education in the school of origin, begins living in an area served by another local educational agency, the local educational agency of origin and the local educational agency in which the child or youth is living shall agree upon a method to apportion the responsibility and costs for providing the child or youth with transportation to and from <u>the school of origin</u>. If the local educational agencies are unable to agree upon such method, the responsibility and costs for transportation shall be shared equally."**

**F. The Defendants violate their duty to have a policy to determine the best interest of homeless youth when denying the right to school origin and school stability.**

34. In violating the Plaintiffs' rights to school stability, school choice and to attend their school of origin, the Defendants violate their duty to have a policy to "consider the best interest of" Plaintiff P.C.S., including "factors related to the impact of mobility on achievement, education, health, and safety of homeless children and youth, giving priority to the request of

the child's or youth's parent." See  42 U.S. Code § 11432(g)(3)((B) School stability, which states:

> In determining the best interest of the child or youth under subparagraph (A), the local educational agency shall—

(i) presume that keeping the child or youth in the school of origin is in the child's or youth's best interest, except when doing so is contrary to the request of the child's or youth's parent or guardian, or (in the case of an unaccompanied youth) the youth;

(ii) consider student-centered factors related to the child's or youth's best interest, including factors related to the impact of mobility on achievement, education, health, and safety of homeless children and youth, giving priority to the request of the child's or youth's parent or guardian or (in the case of an unaccompanied youth) the youth.

35. Plaintiff P.C.S., who is in the 11th grade, has worked very hard at Defendant SACS, since kindergarten, to maintain a high grade point average and to be an honor roll student with a near 4.0 GPA.  He takes dual credit courses, where he is earning credits for college, with his high school credits. Beginning 8/9/2023 Plaintiff P.C.S. should be taking dual credit honors courses each semester of this school year: Honors Economics and Honors US Government at his school of origin (Homestead).  It's outrageous and unacceptable that the Defendants are trying to obstruct, unlawfully,  Plaintiff P.C.S. from achieving his academic goals. Plaintiff P.C.S. is an exceptional, kind, courteous, overachieving student who plans on graduating from Homestead next year. So, it's in his best interest to receive his right to school stability.

**F. The Defendants are trying to force Plaintiff P.C.S. to commit suicide.**

36. Denial of Plaintiff P.C.S.' right to school stability and his right to attend his school of origin is harmful to the Plaintiffs' mental health. Over winter break, when the Plaintiffs were evicted, Defendant SACS school counselor called Plaintiff Jennifer Simpson, and said P.C.S.was searching ways to commit suicide on the school computer and SACS IT flagged it. However, he was able to stay in school and excel.

37. The McKinney-Vento Act is supposed to mitigate the harm of being homeless for P.C.S. in school. Instead, Defendant SACS is stigmatizing P.C.S. by violating his clearly established constitutional rights to due process and equal protection of the McKinney-Vento Homeless Education Program by segregating him from his school of origin, his peers and his academic goals, because he is homeless and poor which is not allowed. See 42 U.S. Code § 11432 (j).

**G. Inferably, the Defendants are denying the Plaintiffs McKinney-Vento Act services and access to the school while unlawfully claiming federal dollars for P.C.S.' free lunch and books and other services.**

38. On 7/26/23 Defendant SACS maliciously and wantonly denied P.C.S. McKinney-Vento Act Services while simultaneously determining his "automatic" eligibility and payment for his free lunch and books and other programs for the current school year at SACS Homestead. The Plaintiffs do not even need to apply for these services, they are automatically completed by the Defendants. See the following 7/26/2023 email attachment.



**SACS**
SOUTHWEST ALLEN COUNTY SCHOOLS

7/26/2023

Jennifer Simpson
7325 Mill Run Rd
Fort Wayne, Indiana 46809

Dear Jennifer Simpson ,

Southwest Allen County Schools has identified each child below as automatically approved for **free meals** and **free textbooks** for the current school year. You **do not** need to submit an application for free and reduced price meals or textbooks.

If a child in your household is not listed below or if you choose to decline free benefits, please contact:

Southwest Allen County Schools
Name: Ashlee Lewis
Phone: 260-431-2282
4310 Homestead Road
Fort Wayne, Indiana 46814

**Names of Child(ren):**

(1005258) Prestin Salyer (Homestead High School)

**PLEASE NOTE: The child/children listed above may also be eligible to receive assistance for other programs.**

We encourage you to pay in advance to keep your student(s) account current, for quicker meal service. For your convenience, payments can be made at https://linqconnect.com.

To protect the confidentiality of your child, we cannot share the eligibility status with other programs. However, YOU may share this notification letter by providing a copy to other programs at the school or within your community. Please keep this letter.

Sincerely,

Ashlee Lewis
Director of Food and Nutrition Services

**USDA Nondiscrimination Statement**

39. Inferably, on 8/6/2023 the Defendants were still using Plaintiff P.C.S' lunch account, even though the Plaintiffs are denied access to the school. See the email attachment requesting the Plaintiff to pay .40 to P.C.S.' lunch account in the school cafeteria at Homestead.



Hill, Scott

Jennifer Simpson
7325 Mill Run Rd
Fort Wayne, Indiana 46809

8/6/2023

Dear Jennifer Simpson ,

This letter is to inform you that **Prestin Salyer** currently has a cafeteria balance of **-$0.40.**

Please deposit funds as soon as possible to your child's school cafeteria in the form of a check or cash or you can pay online at: https://linqconnect.com/

Free or reduced price meal applications may be submitted at any time during the school year and you can apply online at https://linqconnect.com/

Sincerely,

Ashlee Lewis
Director of Food and Nutrition Services
alewis@sacs.k12.in.us
(260) 431-2282

**USDA Nondiscrimination Statement**

In accordance with federal civil rights law and U.S. Department of Agriculture (USDA) civil rights regulations and policies, this institution is prohibited from discriminating on the basis of race, color, national origin, sex (including gender identity and sexual orientation), disability, age, or reprisal or retaliation for prior civil rights activity.

Program information may be made available in languages other than English. Persons with disabilities who require alternative means of communication to obtain program information (e.g., Braille, large print, audiotape, American Sign Language), should contact the responsible state or local agency that administers the program or USDA's TARGET Center at (202) 720-2600 (voice and TTY) or contact USDA through the Federal Relay Service at (800) 877-8339.

To file a program discrimination complaint, a Complainant should complete a Form AD-3027, USDA Program Discrimination Complaint Form which can be obtained online at: https://www.usda.gov/sites/default/files/documents/ad-3027.pdf, from any USDA office, by calling (866) 632-9992, or by writing a letter addressed to USDA. The letter must contain the complainant's name, address, telephone number, and a written description of the alleged discriminatory action in sufficient detail to inform the Assistant Secretary for Civil Rights (ASCR) about the nature and date of an alleged civil rights violation. The completed AD-3027 form or letter must be submitted to USDA by:

1. **mail:**
   U.S. Department of Agriculture
   Office of the Assistant Secretary for Civil Rights

40. The Defendants violated their duty to provide the Plaintiffs the basic protections and procedures when a dispute arises "over eligibility, school selection or enrollment in a school" in violation of 42 U.S.C. § 11432(g) (3) (E) which requires Plaintiff P.C.S.' immediate enrollment in the school in which enrollment is sought by the parent. The law states:

(E)Enrollment disputes
If a dispute arises over eligibility, or school selection or enrollment in a school—
 (i) the child or youth shall be immediately enrolled in the school in which enrollment is sought, pending final resolution of the dispute, including all available appeals;

 (ii) the parent or guardian of the child or youth or (in the case of an unaccompanied youth) the youth shall be provided with a written explanation of any decisions related to school selection or enrollment made by the school, the local educational agency, or the State educational agency involved, including the rights of the parent, guardian, or unaccompanied youth to appeal such decisions;

(iii) the parent, guardian, or unaccompanied youth shall be referred to the local educational agency liaison designated under paragraph (1)(J)(ii), who shall carry out the dispute resolution process as described in paragraph (1)(C) as expeditiously as possible after receiving notice of the dispute; and
(iv)in the case of an unaccompanied youth, the liaison shall ensure that the youth is immediately enrolled in the school in which the youth seeks enrollment pending resolution of such dispute.

VI. CLAIMS FOR RELIEF
COUNT I

42 U.S.C. § 1985(3); 28 U.S. Code § 1343 *et seq*.;
and the 14th Amendment against all defendants.

41. The allegations set forth in the foregoing paragraphs are hereby incorporated by reference.

42. The Defendants conspired to deny equal access to education for homeless children, including Plaintiff P.C.S. in violation of the McKinney-Vento Act - 42 U.S.C. §§ 11431, *et seq,* 42 U.S. Code § 11301 et seq; the Due Process and Equal Protection Clauses of the Fourteenth

Amendment of the United States Constitution. The Plaintiffs are entitled to bring a civil action against any individual or entity whose violations of the 14th Amendment caused the Plaintiff to sustain physical and psychological injuries from the violation of their clearly established civil rights.

## COUNT II

42 U.S.C. § 1983; 28 U.S. Code § 1343 *et seq*.;
and the 14th Amendment against all defendants.

43. The allegations set forth in the foregoing paragraphs are hereby incorporated by reference.

44. The Defendants systematically and openly violated the Plaintiffs' clearly established constitutional rights in violation of the McKinney-Vento Act - 42 U.S.C. §§ 11431, *et seq,* 42 U.S. Code § 11301 et seq; the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. The Plaintiffs are entitled to bring a civil action against any individual or entity whose violations of the 14th Amendment caused the Plaintiff to sustain physical and psychological injuries from the violation of their clearly established civil rights.

## COUNT III

Intentional infliction of emotional distress; 42 U.S.C. §§ 1983, 85(3); 28 U.S. Code § 1343 *et seq*.; and the 14th Amendment against all defendants.

45. The allegations set forth in the foregoing paragraphs are hereby incorporated by reference.

46. The Defendants are maliciously and wantonly violating the Plaintiff's' clearly established civil rights and intentionally inflicting severe emotional distress upon the Plaintiffs. The Plaintiffs are entitled to bring a civil action against any individual or entity whose violations of the 14th Amendment caused the Plaintiffs to sustain psychological injuries from the violation of their clearly established civil rights.

## VII. PRAYERS FOR RELIEF

47. WHEREFORE, for the foregoing reasons the Plaintiffs seek judgment against the Defendants for:

>  a. The actual and compensatory damages determined to have been suffered by the Plaintiffs;
>
>  b. Punitive damages;
>
>  c. Costs and reasonable attorney's fees;
>
>  d. Such declaratory relief as requested herein;
>
>  d. Such injunctive relief as requested herein; and
>
>  e. Such further relief as the Court may deem just and equitable.

The Plaintiffs demand a trial by jury on all issues so triable.


/s/JENNIFER SIMPSON
Respectfully submitted,
Jennifer Simpson
Pro Se
Homeless  IN,
Phone: (260) 415-1584
Email: js.simpson@live.com